# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| INDIAN HARBOR INSURANCE COMPANY, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | CIVIL ACTION NO. H-10-4681 | |
| § | | |
| SATTERFIELD & PONTIKES § | | |
| CONSTRUCTION, INC., *et al.*, § | | |
| Defendants. § | | |

## MEMORANDUM AND ORDER

This insurance coverage dispute is before the Court on the Motion for Rehearing and Alteration of the Memorandum and Order Denying Summary Judgment ("Motion for Rehearing") [Doc. # 20] filed by Plaintiff Indian Harbor Insurance Company ("Indian Harbor"), to which Defendant Satterfield & Pontikes Construction, Inc. ("S&P") filed a Response [Doc. # 23], and Plaintiff filed a Reply [Doc. # 24]. Also pending is Plaintiff's Motion for Certification Under Rule 54(b), or, Alternatively, Under 28 U.S.C. § 1292(b) ("Motion for Certification") [Doc. # 21], to which S&P filed a Response [Doc. # 22], and Plaintiff filed a Reply [Doc. # 25].[1] For the reasons discussed below, the Court **denies** the Motions.

---

[1] Indian Harbor filed its Replies on October 3, 2011. Although the Replies were not filed by the September 27, 2011, deadline, the Court has considered them as if they were timely-filed.

## I.     BACKGROUND

As was described in the Memorandum and Order [Doc. # 19] denying Plaintiff's Motion for Summary Judgment on its duty to defend S&P, S&P entered into a subcontract for Gillette Air Conditioning, Inc. ("Gillette") to perform air conditioning and plumbing work on an Army project for which S&P held the primary contract. Gillette alleges that it performed additional work necessitated by S&P's insufficient plans and specifications, work for which S&P refused to pay.

Gillette filed a lawsuit against S&P in the United States District Court for the Western District of Texas, which required the parties to submit the dispute to arbitration. In accordance with that ruling, Gillette filed an Arbitration Complaint. In the Arbitration Complaint, the live pleading for purposes of the underlying dispute, Gillette asserts a cause of action for breach of contract and an alternative cause of action for *quantum meruit*.

S&P made a claim for a defense and indemnity under its professional and contractor's pollution legal liability policy, Policy No. PEC0029923 (the "Policy"), issued by Indian Harbor. Indian Harbor is providing a defense to S&P under a reservation of rights.

Indian Harbor filed this declaratory judgment action seeking a declaration that it does not owe a duty to defend or a duty to indemnify S&P in connection with the

Arbitration with Gillette. The Court denied summary judgment, holding that the factual allegations in the Arbitration Complaint involved an alleged "error or omission in professional services," and that the exception to the Breach of Contract Exclusion applied.

Indian Harbor filed its Motion for Rehearing and Motion for Certification. The two motions have been fully briefed and are ripe for decision.

## II.   MOTION FOR REHEARING

### A.   Applicable Legal Standard

"A Rule 59(e) motion[2] 'serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence' and 'is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment.'" *Knight v. Kellogg Brown & Root Inc.*, 2009 WL 1471788, *6 (5th Cir. 2009) (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004)). This type of motion "calls into question the correctness of a judgment." *Templet*, 367 F.3d at 478 (quoting *In re TranstexasGas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). Importantly, a "Rule 59(e) motion is not

---

[2]   Plaintiff does not cite Rule 59(e) or any other procedural rule as the basis for its Motion for Rehearing. Because the Motion for Rehearing was filed within 28 days after entry of the Memorandum and Order denying summary judgment, it will be construed as a Rule 59(e) Motion to Alter or Amend a Judgment. *See Cole ex rel. Ellis v. Knowledge Learning Corp.*, 416 F. App'x 437, 444 (5th Cir. Mar. 4, 2011).

proper to re-litigate matters that have been resolved to the movant's dissatisfaction and Plaintiff cannot have a 'second bite at the apple' on the same issues that were previously addressed by the parties and this Court." *Alvarado v. Texas Rangers*, 2005 WL 1420846, *2 (W.D. Tex. June 14, 2005). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479.

### B. Breach of Contract Exclusion - Exception

#### 2. Breach of Contract Exclusion and Exception

The Policy excludes coverage for "Contractual Liability arising from the Insured's breach of contract or agreement." *See* Policy, § IV(B)(2). As the Court held previously, Gillette's breach of contract claim clearly falls within this exclusion.

The Policy further provides, however, that the exclusion "does not apply to liability that the Insured would have in the absence of the contract or agreement." *See id.*, § IV(B). As the Court noted previously, Gillette asserts an alternative claim for *quantum meruit*, pursuant to which liability could be imposed on S&P in the absence of a contract. Plaintiff argues that the *quantum meruit* claim does not fall within the exception to the exclusion because the exclusion applies only to tort claims, not to *quantum meruit* claims. Plaintiff's argument, however, is not supported by the unambiguous language of its own Policy.

Plaintiff argues also that the *quantum meruit* claim is not independent of the contract between S&P and Gillette. In support of this argument, Plaintiff cites cases that relate to negligence and other causes of action, but cites no legal authority specifically addressing a *quantum meruit* claim. Under Texas law, a *quantum meruit* claim "is an equitable remedy which does not arise out of a contract, but is independent of it." *Vortt Exploration Co., Inc. v. Chevron U.S.A., Inc.*, 787 S.W.2d 942, 944 (Tex. 1990). Indeed, a party may recover under a *quantum meruit* theory "only when there is no express contract covering the services or materials furnished." *Id.* In this case, Gillette's *quantum meruit* claim is an alternative claim should it be determined that there is no contract between it and S&P for the increased work allegedly caused by S&P's inadequate plans and specifications. Should the arbitrator conclude that there is no contract, the *quantum meruit* claim would provide a basis for liability "in the absence of the contract or agreement." As a result, the exception to the Breach of Contract Exclusion applies and Plaintiff is not entitled to Rule 59(e) relief.

  C. **"Error of Omission in Professional Services"**

The Policy provides coverage for a "Professional Loss which the Insured becomes legally obligated by pay because of a Claim resulting from an act, error or omission in Professional Services . . .." *See* Policy, § 1(A)(1). Indian Harbor argues

again that the Policy does not provide coverage for Gillette's claims in the Arbitration because the claims do not result from "an act, error or omission in professional services."

In the Arbitration Complaint, Gillette alleges that it performed additional work because S&P provided "insufficient plans and specifications" and furnished "defective plans and specifications." *See* Arbitration Complaint, ¶¶ 11-12. Indian Harbor argues that Gillette's claim is based on S&P's failure to pay for extra work, not that S&P provided defective or inadequate plans and specifications. Gillette's claim, however, is factually based on S&P's failure to provide adequate plans, which resulted in Gillette performing additional work for which it was not paid. It is clear that Gillette alleges that its damages result, at least in part, from S&P's error or omission regarding the allegedly defective or inadequate plans and specifications for the project. As a result, Plaintiff is not entitled to Rule 59(e) relief on this basis.

### III.   **MOTION FOR CERTIFICATION**

#### A.   **Rule 54(b)**

Rule 54(b) of the Federal Rules of Civil Procedure provides that when a lawsuit involves more than one claim for relief, the court may direct entry of a final judgment as to one or more, but fewer than all, claims only if the court expressly determines that there is no just reason for delay." FED. R. CIV. P. 54(b). "Rule 54(b) was not

designed to overturn the settled federal rule against piecemeal appeals. It grants a discretionary power to afford a remedy in the infrequent harsh case." *Jasmin v. Dumas,* 726 F.2d 242, 244 (5th Cir.1984). The Court exercises its discretion against Rule 54(b) certification.

The ruling on the duty to defend is not necessarily a final ruling on that issue. There is no dispute that the Policy Exclusion applies to Gillette's breach of contract claim. Should Gillette amend its Arbitration Complaint to abandon the *quantum meruit* claim, the Court's ruling on the duty to defend issue would change because the sole remaining claim would fall within the Breach of Contract Exclusion. Since the summary judgment ruling on the duty to defend does not finally dispose of any one claim, Rule 54(b) certification is inappropriate. *See Landry v. G.B.A.*, 762 F.2d 462, 464 (5th Cir. 1985).

Additionally, it appears likely that the underlying arbitration proceeding will be concluded prior to the final disposition of any appeal of the duty to defend issue certified under Rule 54(b). Consequently, there is no reason not to follow the general rule against piecemeal litigation because the duty to indemnify issue may be decided and, if either party elects, subject to an appeal before the Rule 54(b) appeal is completed. As a result, the Court denies the request for Rule 54(b) certification. *See*

*Camsoft Data Systems, Inc. v. Southern Electronics Supply, Inc.*, __ F. Supp. 2d. __, 2011 WL 2637001, *1 (M.D. La. 2011).

### B.    28 U.S.C. § 1292(b)

A district judge may certify an order for interlocutory appeal when it "involves a controlling question of law as to which there is substantial ground for difference of opinion" and where "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *see Tesco Corp. v. Weatherford Intern., Inc.*, 722 F. Supp. 2d 755, 765-66 (S.D. Tex. 2010) (Ellison, J.).

In this case, Plaintiff argues that whether the exception to the Breach of Contract Exclusion applies is a controlling question of law as to which there is substantial ground for differing opinions. S&P does not challenge this argument.

Plaintiff argues also that certification under § 1292(b) will materially advance the ultimate termination of this litigation. S&P disagrees, as does the Court. An immediate appeal of the Court's ruling on the duty to defend issue will not materially advance the termination of this lawsuit. Final disposition of this case will still require a final ruling from the arbitrator, and a ruling on the remaining duty to indemnify issue. As a result, the Court exercises its discretion not to certify the summary judgment ruling on the duty to defend for an immediate appeal pursuant to § 1292(b).

## IV. CONCLUSION AND ORDER

Based on the foregoing, the Court again concludes that Indian Harbor owes S&P a duty to defend in the lawsuit and arbitration filed by Gillette. The Court also concludes that certification would not materially advance the resolution of this case and that the interests of judicial economy favor delaying an appeal of the Court's ruling on the duty to defend issue until the underlying arbitration is completed and this Court has ruled on the duty to indemnify issue. As a result, it is hereby

**ORDERED** that Indian Harbor's Motion for Rehearing [Doc. # 20] and Motion for Certification [Doc. # 21] are **DENIED**.

SIGNED at Houston, Texas, this 6th day of **October, 2011**.

Nancy F. Atlas
United States District Judge